UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUL 2 2 2009
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | Criminal No. H-09-423 |
| v. § | |
| § | Sealed |
| EZECHUKWU J. OHAKA § | Public and unofficial staff access to this instrument are prohibited by court order. |
|   a/k/a "Dr. Joshua E. Ohaka" § | |
|   a/k/a "E. Joshua Ohaka" § | |
|   a/k/a "Ohaka Joshua" § | UNDER SEAL |
| HELEN EHI ETINFOH, § | |
| ADEBOLA ADEBAYO § | UNSEALED |
| and § | PER ARREST |
| PAULA WHITFIELD, § | 7-29-09 |
|   Defendants. § | |

## INDICTMENT

The Grand Jury charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1. The Medicare Program ("Medicare") was a federal health care program providing benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid

1

Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2. Medicare was subdivided into multiple Parts. Medicare Part B covered physician's services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as orthotic devices, and wheelchairs.

3. Orthotic devices were a type of DME that included rigid and semi-rigid devices such as foot braces, ankle-foot braces, knee braces, leg braces, cervical braces, back braces, shoulder braces, elbow braces, hand braces, neck braces, head-neck braces, and quad canes (collectively "orthotics").

4. Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries." Each beneficiary was given a Medicare identification number.

5. DME companies, pharmacies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." In order to participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A

health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6. Medicare reimbursed DME companies and other health care providers for services rendered to beneficiaries. Medicare would generally pay reimbursement for DME and related medications only if they were prescribed by the beneficiary's physician and were medically necessary to the treatment of the beneficiary's illness or injury.

7. To receive reimbursement from Medicare, providers submitted or caused the submission of claims to Medicare for payment of services to beneficiaries, either directly or through a billing company.

8. CMS contracted with Durable Medical Equipment Regional Carriers ("DMERCs") to provide Medicare benefits and process claims for reimbursement. The DMERCs that processed and paid Medicare DME claims in Texas was Cigna Government Services ("Cigna").

9. In order to bill Medicare for services rendered, a provider submitted a claim form (Form 1500) to Cigna. When a Form 1500 was submitted, usually in electronic form, the provider certified: (1) that the contents of the form were true, correct, and complete; (2) that the form was prepared in compliance with the laws and regulations governing Medicare; and (3) that the contents of the claim were medically necessary.

10. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment or medicine provided to the beneficiary, the date that the equipment or medicine was provided, the cost of the equipment or medicine, and the name and unique physician identification number ("UPIN") or national provider identifier ("NPI") of the physician who prescribed or ordered the equipment or medicine.

11. Luant & Odera, Inc. ("Luant") was a Texas business entity operating under an assumed name, Tonni Medical Equipment and Supplies, and purportedly doing business at 9720 Beechnut Street, Suite 125, Houston, Texas 77036; 6420 Richmond Avenue, Suite 203, Houston, Texas 77057 and 379 Sawdust Road, Spring, Texas 77380. Among other things, Luant provided power wheelchairs and other DME to Medicare beneficiaries.

12. Defendant **EZECHUKWU J. OHAKA,** a resident of Fort Bend County, Texas, was an owner and operator of Luant.

13. Defendant **HELEN EHI ETINFOH**, a resident of Fort Bend County, Texas, was an owner and operator of Luant.

14. Defendant **ADEBOLA ADEBAYO**, a resident of Brooklyn, New York, was an owner and operator of Luant.

15. Defendant **PAULA WHITFIELD**, was a resident of Galveston County, Texas, who recruited beneficiaries to Luant so that claims for medically unnecessary DME, including power wheelchairs and power wheelchair accessories, could be filed with Medicare.

## COUNT 1

### Conspiracy to Commit Health Care Fraud
### (Violation of 18 U.S.C. § 1349)

1. Paragraphs 1-15 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around March 2007 and continuing through in or around March 2009, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**EZECHUKWU J. OHAKA,**
a.k.a. Dr. Joshua Ohaka,
a.k.a. E. Joshua Ohaka,
a.k.a. Ohaka Joshua,
**HELEN EHI ETINFOH,**
**ADEBOLA ADEBAYO**
and
**PAULA WHITFIELD,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18,

United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

3. It was a purpose of the conspiracy for the defendants and others to unlawfully enrich themselves by (a) submitting false and fraudulent claims to Medicare, (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud, and (c) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

### Manner and Means

4. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things:

5. Defendants **EZECHUKWU J. OHAKA, HELEN EHI ETINFOH** and **ADEBOLA ADEBAYO** would maintain a valid Medicare group provider number for Luant in order to submit Medicare claims for DME that was medically unnecessary or that was not provided to Medicare beneficiaries.

6. Defendants **EZECHUKWU J. OHAKA** and **HELEN EHI ETINFOH** would control the day-to-day operations of Luant.

7. Defendant **PAULA WHITFIELD** would recruit Medicare beneficiaries for purposes of Luant filing claims with Medicare for DME that was medically unnecessary or not provided.

8. Defendants **EZECHUKWU J. OHAKA, ADEBOLA ADEBAYO** and **HELEN EHI ETINFOH** would agree to pay kickbacks to defendant **PAULA WHITFIELD**, and others, for the referral of Medicare beneficiaries.

9. Defendant **PAULA WHITFIELD**, and others, would provide Medicare beneficiary numbers to **EZECHUKWU J. OHAKA, ADEBOLA ADEBAYO** and **HELEN EHI ETINFOH**

10. Once beneficiary numbers and information were obtained, defendants **EZECHUKWU J. OHAKA, ADEBOLA ADEBAYO** and **HELEN EHI ETINFOH** would submit medically unnecessary claims to Medicare for DME, including power wheelchairs, wheelchair accessories and motorized scooters. Medicare beneficiaries for whom claims were submitted to Medicare for power wheelchairs and wheelchair accessories from Luant either received no wheelchair or received a less expensive motorized scooter instead. Medicare beneficiaries who actually received a power wheelchair and wheelchair accessories did not need them.

11. Defendants **EZECHUKWU J. OHAKA, ADEBOLA ADEBAYO** and **HELEN EHI ETINFOH** and their co-conspirators would cause the submission of over $3.1 million dollars in claims to the Medicare program for DME purportedly provided by Luant, when in fact, such DME was not medically necessary, nor in certain cases provided.

12. After the payments from Medicare were deposited into Luant bank accounts, defendants **EZECHUKWU J. OHAKA, ADEBOLA ADEBAYO** and **HELEN EHI ETINFOH** would cause the transfer of the fraudulent proceeds to themselves, their family members, defendant **PAULA WHITFIELD**, and other conspirators.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5

### Health Care Fraud
### (Violation of 18 U.S.C. § 1347 and 2)

1. Paragraphs 1 through 15 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or around March 2007 and continuing through in or around March 2009, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

EZECHUKWU J. OHAKA
a/k/a "Dr. Joshua E. Ohaka"
a/k/a "E. Joshua Ohaka"
a/k/a "Ohaka Joshua"
HELEN ETINFOH,
ADEBOLA ADEBAYO
and
PAULA WHITFIELD,

each aiding and abetting each other and others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

3. It was the purpose of the scheme and artifice for the defendants and their co-conspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for medically unnecessary durable medical equipment.

## Acts in Execution of the Scheme and Artifice

4. On or about the dates specified as to each count below, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants, specifically identified as to each count below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Defendants | Medicare Beneficiary | Approx. Date of Claim | Description of Item Billed | Approx. Amount of Claim |
|---|---|---|---|---|---|
| 2 | HELEN EHI ETINFOH | G.L. | 05/17/08 | Power wheelchair | $5,295.00 |
| 3 | EZECHUKWU J. OHAKA, HELEN EHI ETINFOH, ADEBOLA ADEBAYO | M.W. | 07/23/08 | Power wheelchair | $6,500 |
| 4 | EZECHUKWU J. OHAKA, HELEN EHI ETINFOH, ADEBOLA ADEBAYO | J.D. | 11/11/08 | Power wheelchair | $5,000 |
| 5 | EZECHUKWU J. OHAKA, HELLEN EHI ETINFOH, ADEBOLA ADEBAYO, PAULA WHITFIELD | T.R. | 11/11/08 | Power wheelchair | $5,000 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

1. The allegations contained in Counts 1-5 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1347 or a conspiracy to commit same under Title 18, United States Code, Section 1349, the defendant shall forfeit to the United States all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense of conviction, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property which is subject to forfeiture, includes but is not limited to, a money judgment in the amount of approximately $1,087,721.75, which represents the gross proceeds of the fraud.

4. Pursuant to Title 21 United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred, or sold to, or deposited with a third party;

    (C)    has been placed beyond the jurisdiction of the Court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of defendants **EZECHUKWU J. OHAKA a/k/a "Dr. Joshua E. Ohaka" a/k/a "E. Joshua Ohaka" a/k/a "Ohaka Joshua," HELEN EHI ETINFOH, ADEBOLA ADEBAYO** and **PAULA WHITFIELD**.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

Original Signature on File

FOREPERSON

TIM JOHNSON
United States Attorney

JOHN S. DARDEN
Assistant Chief
ANTHONY J. BURBA
Special Trial Attorney
Criminal Division, Fraud Section
United States Justice Department